# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:21-cv-00164-MR

| | |
|---|---|
| THOMAS HUGHES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU PROPST, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, [Doc. 12], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

Pro se Plaintiff Thomas Hughes ("Plaintiff") is a North Carolina state inmate currently incarcerated at Foothills Correctional Institution ("Foothills") in Morganton, North Carolina. He filed this action on June 21, 2021, pursuant to 42 U.S.C. § 1983, naming FNU Propst, identified as Correctional Officer at Foothills, as the sole Defendant. [Doc. 1]. On July 2, 2021, before initial review, Plaintiff filed a motion for leave to amend his Complaint and an Amended Complaint.[1] [Docs. 5, 5-1]. In his Amended Complaint, Plaintiff

---
[1] The Court granted Plaintiff's motion to amend and considered Plaintiff's Amended

asserted an Eighth Amendment claim based on the use of excessive force against Defendant Propst, who Plaintiff named in his individual capacity only. [Doc. 5-1 at 2, 5-6]. Plaintiff also purported to raise a due process claim based on the conduct of his related disciplinary hearing, but he did not name a defendant relative to this claim. [See id. at 3-4].

Plaintiff alleged as follows. On May 3, 2021, Defendant Propst and Officer Greene were assisting restrictive housing inmates in Plaintiff's wing with showers. [Doc. 5-1 at 2]. The showers in restrictive housing are individually secured. [See id. at 3]. Defendant Propst and Officer Greene left Plaintiff and two other inmates in the showers for an extended period. [Id.]. The inmates yelled for Propst and Greene to get them out of the showers. [Id.]. While Plaintiff was undressed in the secured shower, Defendant Propst approached the shower door and asked Plaintiff if he had a problem with the way Propst ran the wing. [Id.]. Plaintiff responded that he did not know what Propst was talking about and asked him to step away from the shower door because Plaintiff was undressed and trying to put on his underwear. [Id.]. Plaintiff put on his underwear and a verbal altercation between Plaintiff and Defendant Propst ensued. [Id. at 3]. Defendant Propst

---

Complaint on initial review.

pulled out his pepper spray and sprayed Plaintiff through the secured caged shower door, spraying Plaintiff in his face and, allegedly, his genital area. [Id.]. Defendant Propst then lied to the sergeant on duty, claiming that he used pepper spray on Plaintiff because Plaintiff spit on him. [Id.].

An investigation of the incident was conducted. There was also an "internal affairs" investigation. [Id. at 3]. Four other inmates and Officer Greene provided witness statements corroborating Plaintiff's version of the events. [Id. at 3-4]. Nonetheless, Plaintiff was charged with a disciplinary infraction. Disciplinary Hearing Officer (DHO) Randy Mull did not allow Plaintiff to bring live witnesses at his hearing and did not allow Plaintiff to explain the incident. Instead, DHO Mull told Plaintiff, "Whether you did it or not doesn't matter to me[.] He might not be able to prove that you spit on him, but you can't prove that you didn't either." [Id. at 4]. Despite Plaintiff's five witness statements, including Officer Greene's, and video footage supporting Plaintiff's innocence, DHO Mull found Plaintiff guilty of the infraction. [Id.]. Plaintiff immediately appealed this result, but his appeal was denied. [Id.].

On initial review of Plaintiff's Amended Complaint, the Court found that Plaintiff stated an Eighth Amendment claim against Defendant Propst. The Court, however, found that Plaintiff failed to state a claim for violation of his

3

due process rights related to the conduct of his disciplinary hearing and allowed Plaintiff the opportunity to amend his complaint to state a claim for relief. [Doc. 10]. In response to this opportunity to amend, Plaintiff filed a "brief" advising the Court that he "does not wish to raise a claim for due process and wishes to proceed with the Ammended [*sic*] Complaint attached" therewith. [Doc. 12]. The attached complaint has been docketed as Plaintiff's Second Amended Complaint [Doc. 12] and is before the Court now. The allegations in Plaintiff's Second Amended Complaint are nearly identical to those in Plaintiff's Amended Complaint, except that Plaintiff omitted his due process claim in his Second Amended Complaint. [See Docs. 11, 12]. As such, Plaintiff's Second Amended Complaint survives initial review, and this matter will proceed against Defendant Probst as provided in Docket No. 10.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's excessive force claim against Defendant Propst survives initial review. Any other claims are **DISMISSED**.

The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Probst, who is alleged to be current or former employees of NCDPS as set forth above.

**IT IS SO ORDERED**.

Signed: August 16, 2021

Martin Reidinger
Chief United States District Judge