UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00164-MR

| | | |
|---|---|---|
| THOMAS HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FNU PROPST, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the following:

(1) Plaintiff's letters to the Clerk requesting subpoena forms [Docs. 37, 38], which the Court will construe as motions for subpoena forms;

(2) Plaintiff's Motion for the Court to Appoint an Officer to Conduct Deposition By Written Question [Doc. 39];

(3) Plaintiff's Motions for Leave to Take Deposition Upon Written Questions [Docs. 40, 41]; and

(4) Plaintiff's Motion to Compel Discovery [Doc. 42].

Pro se Plaintiff Thomas Hughes ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on June 21, 2021,

pursuant to 42 U.S.C. § 1983, naming FNU Propst as the sole Defendant. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9]. Plaintiff's Second Amended Complaint survived initial review on August 16, 2021. [Docs. 12, 13]. After Defendant answered Plaintiff's Second Amended Complaint, the Court entered a Pretrial Order and Case Management Plan (PTOCMP) setting the discovery deadline for May 13, 2022 and appointing the North Carolina Prisoner Legal Services (NCPLS) as discovery counsel for Plaintiff. [Doc. 29; see Doc. 28]. The NCPLS, however, notified the Court that it was unable to accept the appointment. [Doc. 30]. Thus, Plaintiff proceeds pro se in conducting discovery in this matter.

Before the Court now are several discovery motions by Plaintiff.[1] Plaintiff moves the Court pursuant to Rule 28(a)(1) of the Federal Rules of Civil Procedure to appoint an officer to conduct depositions by written questions for the Plaintiff [Doc. 39] and for leave to take depositions of two prisoners by written question [Docs. 40, 41]. As grounds for the appointment of an officer to conduct the depositions, Plaintiff states that he has been

---

[1] Petitioner submitted three of these motions with an improper letter directed to the undersigned in which Plaintiff purports to explain and provide additional argument in support of his motions. [See Docs. 39-1, 40-2, 41-2]. Petitioner is again reminded to review the Order of Instructions in this case, which advises against sending letters to the Clerk or the Judge, noting that "[o]nly Motions will be ruled on by the Court." [See Doc. 3 at ¶ 5; Doc. 36 at 2]. The Court will not consider this letter in determining the instant motions but notes that the outcome would be the same regardless.

2

Case 1:21-cv-00164-MR   Document 43   Filed 04/01/22   Page 2 of 7

granted in forma pauperis status, that he is a pro se litigant, and he is incarcerated and unable to conduct depositions on his own. [Id. at 1]. Plaintiff asks that the appointed officer also record the deposition with a tape recorder and that the recording be filed on the docket in this matter. [Id.].

As for leave to depose the prisoners by written question, Plaintiff notes that Rule 30(a)(2) requires leave of court to depose prisoners and states that the proposed deponents "[have] vital information in this case on the subject of [Defendant's] use of unnecessary force…" [Doc. 40 at 1; Doc. 41 at 1]. With these motions, Plaintiff submitted written deposition questions for Matthew Taylor, PID 1591622, and Jimmy Daye, PID 1110351. [Docs. 40-1, 41-1]. Plaintiff asks that the court-appointed officer conduct the deposition of Mr. Taylor at Alexander Correctional Institution on April 9, 2022 and the deposition of Mr. Daye at Scotland Correctional Institution on April 11, 2022. [Id.]. Plaintiff, however, does not state that he is willing or able to pay any expenses related to these depositions.

"Rule 28 'outlines *who is allowed* to take depositions; it does not create a duty for the court to find such a person and require them to administer depositions at the government's expense.'" Reynolds v. Young, No. 5:20-cv-00753, 2021 WL 5909185, at *1 (Dec. 14, 2021 S.D. W.Va.) (quoting Badaiki v. Cameron Int'l Corp., No. 4:19-CV-371, 2020 WL 8990869, at *1

3

(S.D. Tex. Nov. 20, 2020)). "[T]he purpose of [Rule 28(a)(1)] is to provide for 'the situation, occasionally arising, when depositions must be taken in an isolated place where there is no one readily available who has the power to administer oaths and take testimony according to the terms of the rule as originally stated' or to afford 'a more convenient method of securing depositions in the case were state lines intervene between the location of various witnesses otherwise rather closely grouped.'" Id. (quoting 1946 advisory committee notes to Rule 28(a)(1)). Neither of these situations apply here. A standard deposition may be taken at these locations with court reporters readily available to administer oaths and take testimony.

Moreover, Plaintiff's in forma pauperis status does not change the calculus. "Civil litigants, including pro se litigants, generally bear their own deposition costs." Steward v. Union Cnty. Bd. of Educ., 655 Fed. App'x 151, 157, n. 4 (3d Cir. 2016). "There is no provision in the in forma pauperis statute for the payment by the government of the costs of deposition transcripts, discovery costs, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Gochie v. Beaver, No. 5:18-cv-148-FDW, 2019 WL 2088426, at *5 (W.D.N.C. May 13, 2019). "[T]he expenditure of public funds [on behalf of indigent litigants] is

4

proper only when authorized by Congress." United States v. MacCollom, 426 U.S. 317, 321 (1976). For these reasons, the Court will deny Plaintiff's motion for the Court to appoint an officer to conduct depositions.

The Court will deny Plaintiff's motions for leave to depose Taylor and Daye without prejudice, particularly under the terms as they are now presented. Plaintiff may depose these witnesses by written question as he proposes. Plaintiff must, however, retain a court reporter, notice the depositions, and properly serve subpoenas on the witnesses.

Next, in a motion dated March 22, 2022, Plaintiff moves the Court to compel discovery responses from Defendant. [Doc. 42]. Plaintiff asserts that he served various discovery requests on Defendant on February 22, 2022 and that Defendant failed to timely respond. The Court will deny this motion without prejudice. Plaintiff's motion to compel was made before Defendant's responses were due and is, therefore, premature. See Fed. R. Civ. P. 34(b)(2)(A) and 36(a)(3). Moreover, Plaintiff failed to certify that he attempted in good faith to confer with Defendant to resolve the dispute before filing the motion to compel. See Fed. R. Civ. P. 37(a)(1). Plaintiff also failed to include the certificates of service for the discovery requests in his motion, thus, failing to show they were ever served on Defendant.

5

Finally, Plaintiff sent the Clerk two letters asking the Clerk to mail him subpoena forms to use for witness depositions.[2] [Doc. 37, 38]. Plaintiff, again, is reminded to review the Order of Instructions in this case. [See Doc. 3 at ¶ 5]. For the sake of economy only, the Court will respond to Plaintiff's letters. **Plaintiff is cautioned, however, that future such letters to the Clerk or to the Judge will not be addressed and/or the requests therein summarily denied.** The Court will direct the Clerk to mail Plaintiff the forms he requests. Plaintiff is cautioned, however, to carefully review Rule 45 of the Federal Rules of Civil Procedure – and ensure he complies therewith – before he attempts to subpoena witnesses for depositions.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's motion [Doc. 37] is **DENIED** as moot and Plaintiff's motion [Doc. 38] is **GRANTED** in accordance with the terms of this Order.

(2) Plaintiff's Motion for the Court to Appoint an Officer to Conduct Deposition By Written Question [Doc. 39] is **DENIED**;

---

[2] In the first letter, Plaintiff requests 5 subpoena forms [Doc. 37] and in the second he asks for 4 such forms [Doc. 38]. The Court will assume the second request supersedes the first and that Plaintiff needs 4 forms.

(3) Plaintiff's Motions for Leave to Take Depositions Upon Written Question [Docs. 40, 41] and Motion to Compel Discovery [Doc. 42] are **DENIED without prejudice** in accordance with the terms of this Order.

The Clerk is respectfully instructed to mail Plaintiff four (4) Subpoena Duces Tecum forms signed by the Clerk.

**IT IS SO ORDERED**.

Signed: April 1, 2022

Martin Reidinger
Chief United States District Judge