# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:21-cv-00164-MR

| | |
|---|---|
| THOMAS HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU PROPST, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's letter requests for subpoena forms [Docs. 44, 45] and "Plaintiff's Opposition to 'Defendant's Responses to Plaintiff's Discovery Requests' and Motion to Compel Discovery" [Doc. 46].

Pro se Plaintiff Thomas Hughes ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on June 21, 2021, pursuant to 42 U.S.C. § 1983, naming FNU Propst as the sole Defendant. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9]. Plaintiff's Second Amended Complaint survived initial review on August 16, 2021. [Docs. 12, 13]. After Defendant answered Plaintiff's Second Amended Complaint, the Court entered a Pretrial Order and Case Management Plan

(PTOCMP) setting the discovery deadline for May 13, 2022 and appointing the North Carolina Prisoner Legal Services (NCPLS) as discovery counsel for Plaintiff. [Doc. 29; see Doc. 28]. The NCPLS, however, notified the Court that it was unable to accept the appointment. [Doc. 30]. Thus, Plaintiff proceeds pro se in conducting discovery in this matter.

The Court recently addressed various letters and ruled on several discovery motions propounded by Plaintiff and, for the sake of economy, the Court herein incorporates that Order by reference. [See Doc. 43]. In addressing those letters, the Court directed that four (4) AO 88A Subpoena to Testify at a Deposition in a Civil Case forms be mailed to Plaintiff. These forms were mailed on April 4, 2022. [4/4/2022 Docket Entry]. Apparently, not having yet received those forms or the Court's Order admonishing Plaintiff "**that future such letters to the Clerk or to the Judge will not be addressed and/or the requests therein summarily denied**," Plaintiff filed two more improper letters to the Clerk renewing his request for those forms and requesting two (2) additional AO 88A forms and four (4) AO 88B Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of the Premises forms. The Court will order the Clerk to mail Plaintiff the forms he requests. Plaintiff is again cautioned, however, to carefully review Rule 45 of the Federal Rules of Civil Procedure before he

attempts to subpoena witnesses for depositions or the production of documents.

Plaintiff also purports to object to one of Defendant's discovery responses and moves the Court to compel discovery responses from Defendant. [Doc. 46]. Plaintiff again fails to submit a copy of the disputed discovery response and to certify that he attempted in good faith to confer with Defendant to resolve the dispute before filing to motion to compel. See Fed. R. Civ. P. 37(a)(1). The Court would deny the motion on these grounds alone.

Plaintiff's objection to Defendant's response is without merit in any event. In his motion, Plaintiff states that he requested the "full criminal record" and "complete copy of the NC DPS/DOC disciplinary history" of Defendant. Plaintiff specifically requested "reports of any disciplinary action taken against [Defendant], such as write ups and suspensions from the beginning date of his employment with DPS/DOC" through the date of response. [Doc. 46 at 1]. Plaintiff contends that Defendant responded to this request, advising Plaintiff that no disciplinary action had ever been taken against Defendant and, thus, the documents requested are "non existent." As for the request for Defendant's "full criminal record," Plaintiff states that Defendant objected generally to the request as "unduly burdensome and

3

disproportionate to the needs of, and stakes involved in this lawsuit because DPS does not maintain full criminal records of its employees after they are hired and the Defendant has not been convicted of any crimes within the past 10 years." [Id. at 2]. Plaintiff believes that he has a right to these documents because they are (potentially) relevant and because they "can be very easily obtained by any civilian and attorney, especially the Attorney General's Office." [Id. at 2-3]. Plaintiff is mistaken in his objection. As Plaintiff was advised in the Court's most recent Order [Doc. 43], the discovery rules do not change because one party is proceeding pro se. According to Plaintiff, Defendant has responded that he has not been convicted of a crime during the last ten years and that the NCDPS does not maintain full criminal records of its employees after they are hired. Criminal records are generally available to the public, albeit sometimes for a fee. The Defendant is not required to obtain his own criminal record and provide it to a Plaintiff simply because the Plaintiff is incarcerated and proceeding pro se and, therefore, cannot obtain the records himself. Thus, Defendant's response to Plaintiff's discovery request is appropriate and the Court would deny Plaintiff's motion to compel even if properly presented.

**Plaintiff would be very well served as he litigates this case to realize that the Court cannot instantaneously address his requests and**

**motions. There are obvious and often significant delays in mailings to and from the Court, not to mention the considerable docket of cases maintained and managed by the Court. Plaintiff's constant influx of motions and (improper) letters to the Court only further delay the Court in responding thereto, particularly where Plaintiff fails to allow a sufficient and reasonable time for response before sending additional, duplicative requests. Had Plaintiff waited to actually receive the Court's Order on his previous motion to compel [Docs. 42, 46], he would have learned that the instant motion to compel is improper and would be denied in its current form, even if his objection had merit.**

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to compel [Doc. 46] is **DENIED**.

The Clerk is respectfully instructed to mail Plaintiff two (2) AO 88A Subpoena to Testify at a Deposition in a Civil Case forms and four (4) AO 88B Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of the Premises forms, all signed by the Clerk.

**IT IS SO ORDERED.**

Signed: April 11, 2022

Martin Reidinger
Chief United States District Judge