# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:21-cv-00164-MR

| | |
|---|---|
| THOMAS HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU PROPST, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the following:

(1) Plaintiff's Motions for Leave to Take Deposition Upon Written Questions [Docs. 48, 49];

(2) Plaintiff's Motion for Court to Appoint Officer to Conduct Deposition by Written Questions [Doc. 50];

(3) Plaintiff's Motion for Court Appointed Official to Conduct Depositions by Written Questions [Doc. 54]; and

(4) Plaintiff's Motion for Appointment of Counsel [Doc. 55].

Pro se Plaintiff Thomas Hughes ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on June 21, 2021, pursuant to 42 U.S.C. § 1983, naming FNU Propst as the sole Defendant.

[Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9]. Plaintiff's Second Amended Complaint survived initial review on August 16, 2021. [Docs. 12, 13]. After Defendant answered Plaintiff's Second Amended Complaint, the Court entered a Pretrial Order and Case Management Plan (PTOCMP) setting the discovery deadline for May 13, 2022 and appointing the North Carolina Prisoner Legal Services (NCPLS) as discovery counsel for Plaintiff. [Doc. 29; see Doc. 28]. The NCPLS, however, notified the Court that it was unable to accept the appointment. [Doc. 30]. Thus, Plaintiff proceeds pro se in conducting discovery in this matter.

The Court recently addressed various letters and ruled on several discovery motions propounded by Plaintiff and, for the sake of economy, the Court herein incorporates those Orders by reference. [See Doc. 43, 53]. Before the Court now are several more discovery motions by Plaintiff and Plaintiff's motion for appointment of counsel. Plaintiff's motions at Docket Nos. 48, 49, 50, and 54 are denied for the same reasons as set forth in the Court's Order at Docket No. 43. Plaintiff's motions at Docket Nos. 48 and 49 are denied without prejudice in accordance with the Court's previous Order. [See Doc. 43 at 5].

Plaintiff also moves again for the appointment of counsel. [Doc. 55; see Docs. 31, 33]. As grounds, Plaintiff is unable to afford counsel; the

2

issues in his case are complex and involve multiple witnesses, including prisoners and staff at different facilities; Plaintiff is in segregation and prohibited from inmate to inmate and inmate to staff contact; and Plaintiff has very limited knowledge of the law, no access to a law library, and no access to assistance from a jailhouse lawyer.[1] [Doc. 55 at 1-2]. A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. The issues faced by Plaintiff in litigating this matter are comparable to those of many pro se prisoner litigants for whom this Court has declined to appoint counsel. Plaintiff's motion to appoint counsel, therefore, will be denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motions for Leave to Take Deposition Upon Written Questions [Docs. 48, 49] are **DENIED** without prejudice;

(2) Plaintiff's Motion for Court to Appoint Officer to Conduct

---

[1] Despite repeated admonitions to the contrary, Plaintiff supports his motion with a letter directed to the undersigned. [Doc. 55-1; see Doc. 43 at 2 n.2, Doc. 53 at 2]. In this letter, Plaintiff presents additional argument and, while claiming to have "absolutely no access to a law library," cites extensively to case law in support of his motion. [See Doc. 55-1]. As before, the Court will not consider this improper letter, but notes the outcome would be the same regardless.

Deposition by Written Questions [Doc. 50]; Plaintiff's Motion for Court Appointed Official to Conduct Depositions by Written Questions [Doc. 54], and Plaintiff's Motion for Appointment of Counsel [Doc. 55] are **DENIED**.

**IT IS SO ORDERED**.

Signed: April 23, 2022

Martin Reidinger
Chief United States District Judge