IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00164-MR

| THOMAS HUGHES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FNU PROPST, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Court Order [Doc. 57], Defendant's Response to the Court's Show Cause Order [Doc. 62], Plaintiff's Reply [Doc. 64], Plaintiff's Motion to Compel Discovery [Doc. 63], and Defendant's Response to Plaintiff's Motion to Compel [Doc. 65].

Pro se Plaintiff Thomas Hughes ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. Plaintiff filed this action on June 21, 2021, pursuant to 42 U.S.C. § 1983, naming FNU Propst as the sole Defendant. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

Plaintiff now moves the Court to order the Warden at Alexander to allow Plaintiff access to the prison law library and to be provided paper, envelopes, and pens. [Doc. 57]. As grounds, Plaintiff states that he is pro

se and needs access to the law library and writing materials to prosecute this case and to prepare this case for trial. He states that Alexander has android tablets that allow access to the apparently electronic law library. The tablets are passed out to inmates daily, but Plaintiff has been denied use of the tablets and, therefore, access to the law library. [Id. at 1]. Alexander does not have any other means of access to a law library. As for writing materials, Plaintiff states that he is currently housed in segregation and cannot access these materials "without officer assistance." [Id. at 5]. Plaintiff argues that as an inmate at Alexander, he is "entitled to the provision of paper, envelopes, writing pens, and indigent stamps so that [he] can prepare [his] motions, written arguments, and legal correspondence." [Id. at 6]. Plaintiff states that he is "down to [his] last 5 sheets of paper." [Id.]. Plaintiff, however, did not state why he is being denied access to the tablets or writing materials. The Court, therefore, ordered counsel for Defendant to determine why Plaintiff is being denied access to the law library, paper, pens, and envelopes and to provide regulations governing prisoner access to these items and any other information relevant to the Court's determination of Plaintiff's motion. [Doc. 58]. Defense counsel promptly responded. [Doc. 62; see Doc. 61, 5/24/2022 Text Order (granting extension of time to respond)].

In response, Defendant states as follows. Pursuant to North Carolina Department of Public Safety (NCDPS) policy, all inmates, including Plaintiff, have access to paper, carbon paper, writing implements, and postage for legal mail. [Doc. 62-3 at ¶ 7: Eric Dye Dec.]. Moreover, even if an offender does not have funds in his trust account to purchase writing materials, he can obtain these materials by completing an Offender Request Form. Plaintiff should be aware of this procedure. When he submits the proper Offender Request Form, Plaintiff will be provided with writing materials. [Id.].

Alexander has android tablets for use by the offender population. [Id. at ¶ 3]. The tablets have various pre-installed and secure applications, including an electronic mail application and a digital law library, among others. [Id.]. Offenders can have their tablet privileges suspended for multiple reasons, including communicating threats through the tablet and using a tablet checked out by another offender. These rules exist to protect staff, other inmates, and the general public. [Id.]. Plaintiff is currently a close-custody offender at Alexander assigned to the restrictive housing unit for control purposes. [Id. at ¶ 5]. On December 28, 2021, Plaintiff's tablet privileges were suspended for six months for threatening a member of the general public; on January 14, 2022 for an additional two months for using another offender's tablet; and on February 11, 2022 for an additional two

months for using another inmate's tablet. Plaintiff's suspension will end on October 28, 2022, assuming he commits no further violations. [Id. at ¶ 6]. In addition to the digital law library, offenders may consult with North Carolina Prisoner Legal Services (NCPLS). [Id. at ¶ 4]. Even though Plaintiff does not have tablet access right now, he still has access to the NCPLS. [Id. at ¶ 6].

Plaintiff submitted an unsworn reply to Defendant's Response to the Show Cause Order. [Doc. 64]. In reply, Plaintiff agrees with Defendant's position regarding access to the tablets and maintains only that he continues to be denied "a reasonably adequate supply of paper and envelopes." [Id. at 2]. Plaintiff claims that he has "sent multiple request forms to the Unit Manager as well as the Sergeants on duty, Correctional Officers and the Unit Secretary." Plaintiff has universally been told there "is no paper on the Unit, and that the prison is short on paper." As a temporary remedy, Unit Manager, Joshua Poteat, has authorized restrictive housing inmates to purchase writing pads from the canteen store, which is typically prohibited. Plaintiff states, however, that he is currently indigent, although "that is subject to change soon," and "as of right now" he cannot order anything from the store. [Id.].

The Court will deny Plaintiff's Motion for Court Order. [Doc. 57]. Plaintiff now claims only that he is being denied a "reasonably adequate supply of paper and envelopes" because he is currently indigent and is unable to purchase supplies from the prison canteen store. Plaintiff, however, states that his indigent status will "change soon." As such, Plaintiff will soon be able to obtain paper from the prison store. It also seems likely that any shortage of paper at the prison, as claimed by Plaintiff, is a temporary situation and that any future requests for paper on a proper Offender Request Form will be honored. **The Court will, however, direct that a copy of this Order be sent to the Warden at Alexander Correctional Institution to ensure Plaintiff has no further difficulties obtaining writing materials**.

Plaintiff also moves to compel discovery responses by Defendant. [Doc. 63]. Plaintiff's motion is premature and lacks the required certification. See Fed. R. Civ. P. 36(a)(3), 37(a)(1). Moreover, Defendant timely responded to the subject discovery request. [Doc. 65-2]. The Court, therefore, will deny Plaintiff's Motion to Compel Discovery. [Doc. 63].

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Court Order [Doc. 57] and Plaintiff's Motion to Compel Discovery [Doc. 63] are **DENIED**.

The Clerk is respectfully instructed to send a copy of this Order to the Warden at Alexander Correctional Institution so that the Warden may ensure Plaintiff has no further difficulties in obtaining writing materials using proper procedure therefore.

**IT IS SO ORDERED**.

Signed: June 24, 2022

Martin Reidinger
Chief United States District Judge